UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
JOSE HUMBERTO POLANCO, JOSE EMANUEL  :
POLANCO, and JOSE LUIS MONTENEGRO,   :
                                     :
               Plaintiffs,           :            MEMORANDUM &
                                     :            ORDER
    -against-                        :
                                     :
BENSONHURST RESTAURANT CORP. d/b/a VEGAS :
DINER, and THEODOROS VLAMIS,         :            16-CV-1085 (ILG)(CLP)
                                     :
               Defendants.           :
                                     :
-----------------------------------------------------------------------x
GLASSER, Senior United States District Judge:

Plaintiffs Jose Humberto Polanco ("J.H. Polanco"), Jose Manual Polanco ("J.M. Polanco"),[1] and Jose Luis Montenegro ("Montenegro") bring this action pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against defendants Bensonhurst Restaurant Corp. ("Bensonhurst Restaurant") d/b/a Vegas Diner, and Theodoros Vlamis ("Vlamis"), seeking overtime wages, spread-of-hours pay, statutory damages, liquidated damages, pre- and post-judgment interest, and attorneys' fees. Compl. ¶¶ 24–38, Dkt. 1. Before the Court is plaintiffs' motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Not. of Mot., Dkt. 33. For the reasons set forth below, plaintiffs' motion is GRANTED.

## BACKGROUND[2]

Bensonhurst Restaurant is a New York corporation that owned and operated the Vegas Diner, a restaurant located at 1619 86th Street, Brooklyn, New York 11214. Compl. ¶ 4.[3] Vlamis

---

[1] Plaintiffs state in their motion papers that Jose Manual Polanco is misidentified in the caption as Jose Emanuel Polanco. Pls.' Mem. of Law in Supp. of Mot. for Partial Summ. J. at 1, Dkt. 36. Plaintiffs have not moved to amend the caption.

[2] Unless otherwise noted, the facts set forth in this section are undisputed.

[3] The Court's independent research reveals that the Vegas Diner permanently closed in June 2017.

1

has been an owner of Bensonhurst Restaurant since 1983.  Pls.' Rule 56.1 Statement of Undisputed Material Facts ("SOF") ¶ 2, Dkt. 34; Defs.' Response to Pls.' Rule 56.1 SOF ¶ 2, Dkt. 39-2.  He was one of four owners involved in actively running the Vegas Diner between 2010 and 2016.  Pls.' Rule 56.1 SOF ¶ 3; Defs.' Response to Pls.' Rule 56.1 SOF ¶ 3.[4]  However, he was the only one who was an owner for the entire period from 2010 to 2016.  Pls.' Rule 56.1 SOF ¶ 4; Defs.' Response to Pls.' Rule 56.1 SOF ¶ 4.

Plaintiffs were longtime employees at the Vegas Diner.  J.H. Polanco was employed for "approximately 27 years" ending in February 2016; J.M. Polanco was employed from approximately 1993 to February 2016; and Montenegro was employed from approximately 2006 to the summer of 2016.  Pls.' Rule 56.1 SOF ¶¶ 14, 16, 18; Defs.' Response to Pls.' Rule 56.1 SOF ¶¶ 14, 16, 18.  At all times relevant to this action, plaintiffs were cooks and/or expediters.  Pls.' Rule 56.1 SOF ¶¶ 15, 17, 19; Defs.' Response to Pls.' Rule 56.1 SOF ¶¶ 15, 17, 19.

Throughout their employment, plaintiffs worked six days per week for a total of 54 hours per week and worked at least one shift per week that began and ended more than 10 hours apart.  Pls.' Rule 56.1 SOF ¶¶ 20–21, 23; Defs.' Response to Pls.' Rule 56.1 SOF ¶¶ 20–21, 23.  Moreover, plaintiffs were paid their wages in cash on a weekly basis and "were not given any pay statements or other papers with their pay, other than on some occasions an envelope with their name on it."  Pls.' Rule 56.1 SOF ¶¶ 24, 26; Defs.' Response to Pls.' Rule 56.1 SOF ¶¶ 24, 26.

---

[4] Frank Mavromichalis, who is not a named defendant in this action, has been an owner of Bensonhurst Restaurant since the summer of 2011.  Pls.' Rule 56.1 SOF ¶ 13; Defs.' Response to Pls.' Rule 56.1 SOF ¶ 13.  He was deposed as a witness for defendants in this action.  Mavromichalis Dep. Tr., Dkt. 40-2.

## DISCUSSION

### I. Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986). In this context, "[a] fact is material when it might affect the outcome of the suit under governing law," and "[a]n issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks and citations omitted). "In determining whether summary judgment is appropriate, this Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks and citation omitted).

If the movant satisfies the initial burden of production, the burden of proof shifts to the non-moving party, who "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 587 (internal quotation marks, emphasis, and citation omitted). Once the non-movant has met that requirement, its "allegations [will be] taken as true, and [it] will receive the benefit of the doubt when [its] assertions conflict with those of the movant." *Samuels v. Mockry*, 77 F.3d 34, 36 (2d Cir. 1996) (internal quotation marks and citation omitted).

## II.     Vlamis's Liability under the FLSA and NYLL

The FLSA broadly defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The similarly circular definition of "employer" under the NYLL embraces any business or individual "acting as [an] employer." N.Y. Lab. Law § 651(6). Defendants here do not contest Vlamis's individual liability. Defs.' Mem. of Law in Opp. to Pls.' Mot. for Partial Summ. J. ("Defs.' Mem. of Law") at 2, Dkt. 39. Therefore, the Court finds that Vlamis qualifies as plaintiffs' employer under the FLSA and the NYLL and may be held individually liable.

## III.     FLSA and NYLL Claims with respect to Withholding Taxes

Plaintiffs argue that withholding taxes that defendants paid on behalf of plaintiffs must be included in the calculation of plaintiffs' regular rates of pay for the purpose of determining their overtime rates under the FLSA and the NYLL. Pls.' Mem. of Law in Supp. of Mot. for Partial Summ. J. at 6–9.

Under the FLSA and the NYLL, employees must be paid one-and-a-half times their regular hourly rate for every hour over 40 worked each week. *See* 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. The FLSA defines "regular rate" to "include all remuneration for employment paid to, or on behalf of, the employee," subject to certain exceptions. 29 U.S.C. § 207(e). In turn, the NYLL defines "regular rate" as "the amount that the employee is regularly paid for each hour of work, before subtracting a tip credit, if any," subject to the same or similar exceptions as delineated under the FLSA. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.5.

Here, it is undisputed that, "[i]n addition to the cash wages [d]efendants gave directly to [p]laintiffs, [defendants] also paid [plaintiffs'] share of certain withholding taxes – including FICA and federal, state, and city income taxes – to the government." Pls.' Rule 56.1 SOF ¶ 34; Defs.'

4

Response to Pls.' Rule 56.1 SOF ¶ 34.[5] It is further undisputed that "[o]n [p]laintiffs' wage notices, these tax payments were characterized as 'bonus pay' and were not included in the regular and overtime rates listed." Pls.' Rule 56.1 SOF ¶ 35; Defs.' Response to Pls.' Rule 56.1 SOF ¶ 35; *see* Wage Notices, Dkt. 35-6.  The Court agrees with plaintiffs that defendants' payment of these withholding taxes is "remuneration for employment paid . . . on behalf of" plaintiffs.  29 U.S.C. § 207(e).  As plaintiffs point out, such taxes, by definition, are deducted and withheld *from wages*. *See, e.g.,* 26 U.S.C. § 3102(a) ("The [FICA] tax imposed by section 3101 shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid.")[6]; 26 U.S.C. § 3402(a)(1) ("Except as otherwise provided in this section, every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary."); N.Y. Tax Law § 671(a)(1) ("Every employer maintaining an office or transacting business within this state and making payment of any wages taxable under this article shall deduct and withhold from such wages for each payroll period a [New York State income tax]."); N.Y.C. Admin. Code § 11-1771(a)(1) ("Every employer maintaining an office or transacting business within this city or state and making payment . . . of any wages taxable under this chapter . . . shall deduct and withhold from such wages for each payroll period a [New York City income tax].").

---

[5] "FICA" stands for "Federal Insurance Contributions Act."  Taxes under FICA are "composed of the old-age, survivors, and disability insurance taxes, also known as social security taxes, and the hospital insurance tax, also known as Medicare taxes."  Topic No. 751 Social Security and Medicare Withholding Rates, IRS, https://www.irs.gov/taxtopics/tc751 (last visited March 25, 2021).

[6] Defendants argue that 26 U.S.C. § 3102(a) is "written in permissive, not mandatory language, providing that an employer who pays an employee in cash (as did [d]efendants in this case) 'may deduct an amount equivalent to such tax from any such payment of remuneration.'"  Defs.' Mem. of Law at 7 (quoting 26 U.S.C. § 3102(a)).  However, this portion of section 3102(a) quoted by defendants is not applicable to this action, as it addresses withholdings that employers may make when certain types of employees' annual wages are below the statutory thresholds set forth in 26 U.S.C. § 3121.

5

Because withholding taxes are part of plaintiffs' gross wages and do not fall under any of the exclusions from the regular rate as set forth in 29 U.S.C. § 207(e) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.5, the Court holds that the withholding taxes that defendants paid on behalf of plaintiffs must be included in the calculation of plaintiffs' regular rates of pay for the purpose of determining their overtime rates under the FLSA and the NYLL.  Defendants' characterization of tax payments as "bonuses" on plaintiffs' wage notices was improperly "used to designate a portion of regular wages which the employee [wa]s entitled to receive under his regular wage contract." 29 C.F.R. § 778.502(a).

Accordingly, there is no genuine issue of material fact, and plaintiffs' motion for partial summary judgment is granted with respect to this claim.

### IV.     FLSA and NYLL Claims for Liquidated Damages

Plaintiffs argue that, to the extent they prevail on their overtime and/or spread-of-hours claims, they are entitled to liquidated damages because defendants cannot make a showing of good faith as required by the FLSA and/or the NYLL.  Pls.' Mem. of Law at 9–10.

"Under the FLSA, a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages." *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (citing 29 U.S.C. § 216(b)).  "Liquidated damages are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999).  It is within the Court's discretion to "deny an award of liquidated damages where the employer shows that, despite the failure to pay appropriate wages, the employer acted in subjective 'good faith' and had objectively 'reasonable grounds' for believing that the acts or omissions giving rise to the failure did not violate the FLSA." *Id.* (quoting

29 U.S.C. § 260). The Second Circuit "has characterized the employer's burden as 'a difficult one,' emphasizing that 'double damages [are] the norm and single damages the exception.'" *Barfield*, 537 F.3d at 150 (quoting *RSR Sec. Servs. Ltd.*, 172 F.3d at 142). "To establish the requisite subjective 'good faith,' an employer must show that it took 'active steps to ascertain the dictates of the FLSA and then act to comply with them.'" *Id.* (quoting *RSR Sec. Servs. Ltd.*, 172 F.3d at 142).

Under the NYLL, prior to November 24, 2009, employees were entitled to liquidated damages "in the amount of twenty-five percent of wages owed, and only if the employee proved that the employer's violation of the statute was 'willful.'" *Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 60 (2d Cir. 2016); *see Inclan v. New York Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 504 (S.D.N.Y. 2015). Beginning on November 24, 2009, liquidated damages became "mandatory unless the employer could prove its good faith." *Chowdhury*, 666 F. App'x at 60 (citing *Ryan v. Kellogg Partners Institutional Servs.*, 19 N.Y.3d 1, 10 n.8 (2012)); *see Inclan*, 95 F. Supp. 3d at 505. Thereafter, effective April 9, 2011, the amount of liquidated damages was increased from twenty-five percent to one-hundred percent of the total wages due. *See Inclan*, 95 F. Supp. 3d at 505; *see also Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 47 (E.D.N.Y. 2015). "As a result, the NYLL now mirrors the FLSA." *Chowdhury*, 666 F. App'x at 60; *see Rojas v. Splendor Landscape Designs Ltd.*, 268 F. Supp. 3d 405, 411–12 (E.D.N.Y. 2017).

The Second Circuit has held that duplicative liquidated damages may not be awarded for the same course of conduct under both the FLSA and the NYLL. *See Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018). In cases where plaintiffs could obtain liquidated damages under either the FLSA or the NYLL, courts have awarded liquidated damages under whichever statute provides the greater recovery. *See, e.g.*, *Xin Long Lin v. New Fresca Tortillas, Inc.*, No. 18-CV-3246

(RJD)(RER), 2019 WL 3716199, at *7 (E.D.N.Y. May 1, 2019), *report and recommendation adopted*, 2019 WL 3714600 (E.D.N.Y. May 28, 2019).

  Here, Vlamis testified at his deposition that neither he nor the other owners of the Vegas Diner consulted with an attorney to determine the legal requirements for paying employees or whether defendants were paying employees lawfully.  Vlamis Dep. Tr. at 80:7-23, Dkt. 35-1. Defendants do not contest this testimony, *see* Pls.' Rule 56.1 SOF ¶ 37; Defs.' Response to Pls.' Rule 56.1 SOF ¶ 37, and have not submitted any other evidence showing that defendants "took active steps to ascertain the dictates of the FLSA [or the NYLL]," *Barfield*, 537 F.3d at 150 (internal quotation marks and citation omitted); *see Garcia v. JonJon Deli Grocery Corp.*, No. 13-CV-8835 (AT), 2015 WL 4940107, at *6 (S.D.N.Y. Aug. 11, 2015).  Although Mavromichalis testified that he had knowledge of certain overtime and spread-of-hours requirements when he became an owner of the Vegas Diner in 2011, *see* Mavromichalis Dep. Tr. at 47:23–48:14, Dkt. 35-2, defendants have also failed to show that they took "the steps necessary to ensure [their] practices complied" with the FLSA and the NYLL.  *RSR Sec. Servs.*, 172 F.3d at 142; *see Rojas*, 268 F. Supp. 3d at 412.

  Defendants incorrectly assert that plaintiffs must prove willful violations under the FLSA or the NYLL in order to be entitled to liquidated damages.  In making this assertion, defendants cite to cases that are irrelevant to this motion, as those cases involve statute of limitations issues under the FLSA or liquidated damages issues under the NYLL for claims accruing prior to 2009. *See* Defs.' Mem. of Law at 5–6 (citing, e.g., *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Reich v. Newspapers of New England, Inc.*, 44 F.3d 1060, 1079–80 (1st Cir. 1995); *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 936–37 (S.D.N.Y. 2013)).  To be sure, the FLSA does have "a statute of limitations of three years for willful violations and two years for non-willful

violations." *Alvarez v. IBM Restaurants Inc.*, 839 F. Supp. 2d 580, 587 (E.D.N.Y. 2012); *see* 29 U.S.C. § 255(a). Moreover, as stated above, a plaintiff must prove willfulness to be entitled to liquidated damages under the NYLL for claims accruing prior to November 24, 2009. *Inclan*, 95 F. Supp. 3d at 504. However, because plaintiffs here do not argue in their motion papers that their FLSA claims are subject to a three-year statute of limitations or that their NYLL claims under the applicable statute of limitations period extends to 2009 or earlier, plaintiffs need not prove willfulness at all.[7] Rather, defendants must prove good faith and reasonableness in order to avoid an award of liquidated damages for the claims at issue in this case. *See RSR Sec. Servs. Ltd.*, 172 F.3d at 142. Defendants have not met their burden in this regard.[8]

Accordingly, there is no genuine issue of material fact with respect to plaintiffs' entitlement to liquidated damages and plaintiffs' motion for summary judgment is granted as to this claim.

**V.    NYLL Claim for Spread-of-Hours Compensation on or after January 1, 2011**

In New York, employees are entitled to receive spread-of-hours pay, which is "one hour's pay at the basic minimum hourly wage rate" for any workday that lasts longer than 10 hours. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a). Before January 1, 2011, New York employers were required to pay "spread-of-hours wages only [to] employees who were paid at the minimum wage." *Villar v. Prana Hosp., Inc.*, No. 14-CV-8211 (RA)(JCF), 2017 WL 1333582, at *4 (S.D.N.Y. Apr. 11, 2017), *report and recommendation adopted*, 2018 WL 3579841 (S.D.N.Y. July 25, 2018). However, "[e]ffective January 1, 2011, employers are required to pay spread-of-hours wages for

---

[7] The statute of limitations is six years for claims under the NYLL. N.Y. Lab. Law §§ 198(3), 663(3). Because plaintiffs commenced this action on March 4, 2016, plaintiffs' NYLL claims accruing prior to March 4, 2010 are barred.

[8] Defendants also argue that plaintiffs are not entitled to liquidated damages because they were paid correctly in accordance with the FLSA and the NYLL. Defs.' Mem. of Law at 6. Because the Court finds that plaintiffs are entitled to unpaid overtime compensation and spread-of-hours compensation, the Court need not address this argument.

'all employees in restaurants and all-year hotels, regardless of a given employee's regular rate of pay.'" *Id.* (quoting N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6(d)).

Here, defendants have conceded liability with respect to one spread-of-hours shift per week for plaintiffs J.M. Polanco and Montenegro and two spread-of-hours shifts per week for plaintiff J.H. Polanco. Pls.' Rule 56.1 SOF ¶ 23; Defs.' Response to Pls.' Rule 56.1 SOF ¶ 23; *see* Weekly Schedule, Dkt. 40-8 (stating that J.M. Polanco worked a spread-of-hours shift on Fridays, Montenegro worked a spread-of-hours shift on Saturdays, and J.H. Polanco worked a spread-of-hours shift on Fridays and Saturdays). Although plaintiffs claim that they will argue at trial that they worked more spread-of-hours shifts than those shifts conceded by defendants, Pls.' Reply at 2–3, the Court nevertheless grants summary judgment with respect to plaintiffs' entitlement to the undisputed spread-of-hours compensation.

## VI. NYLL Claim for Failure to Provide Wage Statements

The NYLL requires employers to provide a statement with every payment of wages listing, among other items, the employee's regular rate of pay, deductions, allowances, and overtime rate of pay. N.Y. Lab. Law § 195(3). Beginning February 27, 2015, violations of NYLL § 195(3) carry damages of $250 per workday, up to a maximum of $5,000. N.Y. Lab. Law § 198(1-d).[9]

Here, it is undisputed that defendants did not provide plaintiffs with wage statements. Pls.' Rule 56.1 SOF ¶ 26; Defs.' Response to Pls.' Rule 56.1 SOF ¶ 26; *see* Defs.' Mem. of Law at 2. Because all plaintiffs worked without a wage statement for more than 20 days on or after February 27, 2015, the Court finds that they are each entitled to $5,000 in damages. Accordingly, summary judgment is granted on this claim.

---

[9] From April 9, 2011, to February 27, 2015, employees were entitled to recover statutory damages for wage statement violations of $100 per work week, not to exceed $2,500. *See Ying Ying Dai v. ABNS NY Inc.*, No. 18-CV-5170 (AMD)(RLM), 2020 WL 5820130, at *10 n.10 (E.D.N.Y. Sept. 29, 2020).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for partial summary judgment is GRANTED.

SO ORDERED.

/s/
I. Leo Glasser, U.S.D.J.

Brooklyn, New York
April 5, 2021